Henry M. Boss, Jr. *vs.* Lederer Realty Corporation.

JUNE 15, 1921.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Interpleader.*

Interpleader will not lie where the demand of one claimant if valid, is against the other claimant personally, and not upon the fund in dispute.

Bill of Interpleader.    Heard on appeal of complainant and appeal dismissed.

RATHBUN, J. This is a bill of interpleader. The cause is before this court on complainant's appeal from a decree of the Superior Court dismissing the bill.

The bill alleges that Edward P. Metcalf of the city of Providence turned over to the complainant the sum of $14,445.92, which is a portion of the purchase price fund formerly held by Edward P. Metcalf as the proceeds of a void sale of certain real estate, which sale was attempted to be made by the said Edward P. Metcalf in his then capacity as administrator *d. b. n.* of the estate of James Campbell, late of Providence, deceased, to the respondent Lederer Realty Corporation; that at the time of said attempted sale of said real estate, the title thereto was in the heirs of James Campbell, subject to be divested by sale by the administrator of the estate of said James Campbell, upon obtaining proper authority from the Municipal Court of the City of Providence, and that since the attempted sale the heirs of said James Campbell have conveyed and assigned all their interest of every kind and nature in said real estate to the respondent Bradford Campbell; that said fund with accumulated interest now amounts to $15,971.96; that respondent Lederer Realty Corporation has demanded of the complainant the whole of said sum of $14,445.92, and accumulated interest, and that respondent Campbell on July 17, 1920, demanded of the complainant out of said fund of $14,445.92 and accumulated interest the sum of $13,-291.55 with interest thereon from the date of such demand.

This court in *Campbell* v. *Metcalf*, 43 R. I. p. 264, in considering said fund, said: "As the administrator (Metcalf) received this fund which did not belong to the estate, and which it was no part of his duty as administrator to receive, he held the same not in his representative capacity as administrator but in his individual capacity subject to the legal and equitable rights of the vendee, the Lederer Realty Corporation, therein."

Respondent Campbell filed an answer alleging that respondent Lederer Realty Corporation took possession of

said real estate at the time of said void sale and collected the rents until on or about January 1, 1918, on which date said Lederer Realty Corporation was ejected from said real estate by respondent Campbell; that the net rentals received by said Lederer Realty Corporation with interest to March 1, 1918, amounted to the sum of $10,905.80; that respondent Campbell is entitled to receive said sum with interest from said date from out of the fund held by the complainant.

The facts alleged in the answer of the respondent Campbell, if true, state no right to receive any portion of said purchase price fund. The money collected as rent by respondent Lederer Realty Corporation during the time that it was in wrongful possession of the said real estate after said void sale forms no part of the fund in question. Neither the complainant nor his predecessor Metcalf ever received from the Lederer Realty Corporation any portion of the rentals which respondent Campbell seeks to recover. Neither the complainant as trustee nor his predecessor as trustee has been entitled to demand said rentals from said Lederer Realty Corporation. The answer shows that Campbell's claim is against respondent Lederer Realty Corporation and not against the complainant and the fund in question. Campbell has not attached the fund as the property of respondent Lederer Realty Corporation. 23 Cyc. at p. 8, states the rule as follows: "Where the demand of one claimant, if valid at all, is against the other claimant personally, and not upon the fund in dispute, an interpleader is not proper." Adams' Equity, p. 203, states that in order to maintain interpleader it is essential "that the same thing, debt, or duty be claimed by both the parties against whom relief is asked." The rule was followed in this State in *Greene* v. *Mumford*, 4 R. I. 313. See also Pom. Eq. Juris. 4th ed. § 1326. The authorities cited by respondent Campbell are not opposed to this rule.

The complainant's appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Henry M. Boss, Jr., pro se ipso.*

*Murdock & Tillinghast,* for Lederer Realty Corporation. *John A. Tillinghast,* of counsel.

*William J. Brown,* for respondent Campbell.